UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN RUSH,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:12-cv-00012-LRH-WGC

**ORDER**

    John Rush, a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, which was filed and served on respondents on January 19, 2012 (ECF #4).

    Petitioner has now filed a motion for appointment of counsel (ECF #5) and a motion to extend the prison copywork limit (ECF #7), as well as a statement of additional claims (ECF #8).

    The court first considers petitioner's motion for the appointment of counsel (ECF #5). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise. Counsel is not justified, and the motion is denied.

Next, with respect to the motion to extend the prison copywork limit (ECF #7), petitioner submits only a generic, form order and does not specify what copies he needs at this time. Petitioner already has filed his statement of additional claims, and respondents have not filed any motion or answer to the petition to which petitioner may respond at this time. This motion is denied without prejudice. If petitioner needs funds for copies to file a motion in this action or to respond to a filing by respondents, he shall file a motion that identifies his specific need for copies at that time.

Finally, petitioner has filed a motion to add additional claims (ECF #8) and included his statement of additional claims (ECF #8 at 5). Petitioner's motion is granted. The court shall construe this document as a Statement of Additional Claims. Respondents shall respond to all grounds set forth in petitioner's habeas petition as well as those set forth in this new document.

**IT IS THEREFORE ORDERED** that petitioner's motion to add additional claims (ECF #8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the document at ECF #8, which the court shall construe as a Statement of Additional Claims and hereinafter refer to the document as such, on respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this Order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented by petitioner in his petition as well all claims presented by petitioner in his Statement of Additional Claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

///

///

///

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF #5) and motion to extend prison copywork limit (ECF #7) are both **DENIED** without prejudice.

DATED this 6th day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE