# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN RUSH,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:12-cv-00012-LRH-WGC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to dismiss the petition (ECF #10). Petitioner filed an opposition (ECF #15), and respondents filed a reply (ECF #16).

**I. Procedural History**

In his guilty plea agreement for one count of burglary, petitioner agreed that if he failed to appear for sentencing he would receive a sentence of 48 to 120 months (exhibit 7 to motion to dismiss, at 1).[1] He failed to appear at sentencing, a bench warrant issued, and he was recaptured (ex. 8). On September 17, 2009, he was sentenced to 48 to 120 months (ex. 10). On October 13, 2009, judgment of conviction was entered (ex. 11). He did not file a direct appeal.

On January 11, 2011, petitioner filed a motion for modification of his sentence based upon medical hardship (ex. 12). The court denied that motion and petitioner did not appeal (ex. 12).

On March 30, 2011, petitioner filed a motion for modification of his sentence based upon alleged

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF #10) and may be found at ECF #s 11-13.

errors in the PSI that was used at sentencing (ex. 13). Following a hearing, that motion was denied (ex. #s 14, 24). Petitioner appealed (ex. 16), and the Nevada Supreme Court affirmed the denial of the motion (ex. 41). The remittitur issued on December 16, 2011 (ex. 45).

In the meantime, on July 22, 2011, petitioner had filed a motion to expunge his Presentence Investigation Report (ex. 25). That motion was also denied (ex. 27), and petitioner appealed. The Nevada Supreme Court dismissed his appeal on the basis that "no statute or court rule permits an appeal from an order denying the aforementioned motion" (ex. 46). The remittitur issued on January 17, 2012 (ex. 49).

Before the remittitur issued, on January 9, 2012, petitioner filed a "motion for reduction of sentence due to court's misapprehension of petitioner's criminal record" in state district court (ex. 48). That motion was denied on February 10, 2012 (ex. 54). Petitioner has filed a notice of appeal and the case is currently pending in the Nevada Supreme Court (ex. 53).

During the litigation of these various motions in state court, petitioner submitted a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that the court received on January 9, 2012 (ECF #4). Petitioner filed a statement of additional claims on February 2, 2012 (ECF #8). Respondents have moved to dismiss the petition as untimely (ECF #10).

**II. Motion to Dismiss (ECF #10)**

    **A. Federal Habeas Petition is Untimely**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

  The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

  In the present case, petitioner was convicted, pursuant to a guilty plea, on October 13, 2009 (ex. 11). He did not file a direct appeal. Consequently, his conviction became final upon expiration of the time to file a direct appeal on November 12, 2009. 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001); Nev. R. App. P. 4(b)(1) ("the notice of appeal by a defendant or petitioner in a criminal case shall be filed with the district court clerk within 30 days after the entry of judgment").

  Petitioner took no action whatsoever until he filed a motion to modify his sentence based on

medical hardship on January 11, 2011, 425 days after his judgment of conviction became final (ex. 12).[2] As petitioner had no properly filed application for state post-conviction or other collateral review pending during this period of time, this time is not statutorily tolled. *See* 28 U.S.C. § 2244(d)(2). Accordingly, petitioner's federal habeas petition is untimely.

### B. Petitioner is Not Entitled to Equitable Tolling

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

In the opposition, petitioner utterly fails to address the untimely nature of his federal habeas petition (ECF #15). Petitioner has failed to show that an extraordinary circumstance prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.[3]

///

---

[2] Respondents point out that this motion did not challenge the propriety of the judgment of conviction nor did it raise any of the claims presented in petitioner's federal habeas petition. Thus, respondents argue that the motion was not an "application for post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2), and therefore, did not toll the statute of limitations (ECF #10 at 4). The court need not address this argument because, in any event, this motion was filed after the limitations period had expired.

[3] The court notes, without deciding, that respondents' alternative arguments that petitioner's claims of federal constitutional error in his federal habeas petition are unexhausted and that grounds 2, 4, and 5 fail to state cognizable claims for federal habeas relief (ECF #10 at 6-8) appear also to be correct.

**III. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #10) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

Dated this 16th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE