UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN RUSH,

    Petitioner,             3:12-cv-00012-LRH-WGC

vs.                                    **ORDER**

JACK PALMER, *et al.*,

    Respondents.

Petitioner, a Nevada state prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this court dismissed as untimely on May 17, 2012 (ECF #17). Judgment was entered that day (ECF #18). Before the court is petitioner's motion for relief from order denying petition for writ of habeas corpus (ECF #19).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any

other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In his motion, petitioner asks that the court grant him a certificate of appealability based on his assertion that this court misapprehended the merits of his claims (ECF #19). However, in its order dated May 17, 2012, this court dismissed the petition as untimely (ECF #17). Petitioner has failed to make an adequate showing under Rule 60(b) that any portion of this court's order denying his petition should be reversed.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from order denying petition for writ of habeas corpus (ECF #19) is **DENIED**.

Dated this 11th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2